IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC § § § § Plaintiff, § Case No: § vs. § PATENT CASE § BARNES & NOBLE, INC. AND § BARNESANDNOBLE.COM LLC, § § Defendants. § § | |

## COMPLAINT

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "RBDS") files this Original Complaint against Barnes & Noble, Inc. ("B&N") and Barnesandnobile.com LLC ("B&N.com) (collectively, "Defendants") for infringement of United States Patent No. 8,856,221 (hereinafter "the '221 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant B&N is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at

122 Fifth Avenue, New York, NY 10011. On information and belief, B&N may be served via its registered agent, Capitol Services, Inc., 1675 S. State St., Ste. B, Dover, DE 19901.

5. On information and belief, Defendant B&N.com is a subsidiary of B&N, and a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 122 Fifth Avenue, New York, NY 10011. On information and belief, B&N.com may be served via its registered agent, Capitol Services, Inc., 1675 S. State St., Ste. B, Dover, DE 19901.

6. On information and belief, this Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or have engaged in continuous and systematic activities in the state of Texas.

7. On information and belief, Defendants' instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this district.  In addition, and in the alternative, Defendants have committed acts of infringement in this District.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO 8,856,221)

9. Plaintiff incorporates paragraphs 1-8 herein by reference.

10. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

11. Plaintiff is the owner by assignment of the '221 Patent with sole rights to enforce

the '221 Patent and sue infringers.

12. A copy of the '221 Patent, titled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment," is attached hereto as Exhibit A.

13. The '221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14. Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including at least Claim 1, of the '221 Patent by making, using, importing, selling, and/or offering for media content storage and delivery systems and services covered by one or more claims of the '221 Patent.

15. On information and belief, Defendants sell, offer to sell, and/or use media content storage and delivery systems and services, including, without limitation, the NOOK Video system and service, which infringes at least Claim 1 of the '221 Patent.

16. On information and belief, the NOOK Video system necessarily includes at least one server for hosting and storing media content for customers.

17. On information and belief, the at least one server necessarily includes a receiver to receive request messages from customers. On information and belief, customers may send messages to the server (e.g., via selections and signals generated by remote control or otherwise).

18. On information and belief, a message received from a customer includes media data indicating the media content that the customer wishes to view. NOOK Video customers send their media storage and delivery selections to Defendants' NOOK Video system and the transmission of those messages is accomplished over the Internet. On information and belief, the media data received by Defendants' server(s) also includes a consumer device identifier. By way of example, NOOK Video limits access to certain content to specific compatible devices.

Also, on information and belief, access to certain content is based upon a customer's subscription, and thus a customer's device must be associated with a customer in order for the device's access to content to be dictated by a customer's subscription status. The NOOK Video system accomplishes the forgoing through the use of a Login screen which allows a user to enter ID and password information.

19. On information and belief, the NOOK Video system necessarily includes a processor to determine whether the customer's device is registered. Again, by way of example, NOOK Video restricts certain content types to particular user devices. Defendants' system has to be able to determine whether the device in question is a registered device.

20. The NOOK Video system provides for both media downloads and media streaming. On information and belief, a processor within Defendants' system necessarily determines whether the request received from a customer is a request for storage (e.g., download of media content) or content (e.g., streaming of media content).

21. The NOOK Video advertising and online tutorials indicate that the NOOK Video system places limits on the types of devices that can stream or download content. Therefore, on information and belief, a processor must determine whether requested content within a storage request is, in fact, available for storage (e.g., on the particular device associated with the request).

22. If a customer requests content (e.g., streaming of media content), then, on information and belief, a processor within the NOOK Video system necessarily initiates delivery of the content to the customer's device.

23. The NOOK Video system provides both streaming content and download content. In either case, for at least certain media content delivery, Defendants' system provides for a certain time period that the delivered content, or content ready for delivery, may be stored.

In some examples, the storage time is 30 days, with the content being available for 24 hours once playback has been started.  After the applicable time, the content is no longer available for viewing.  Therefore, on information and belief, the media data within a request message necessarily includes data indicating a length of time to store the requested content.

24. On information and belief, not all requested content will exist in the NOOK Video system.  Also, as previously stated, NOOK Video limits delivery of content to particular devices.  Therefore, on information and belief, a processor within the NOOK Video system necessarily determines whether content is available and whether there are restrictions associated with a customer's content request that prevent the content from being delivered.

25 Defendants' actions complained of herein will continue unless Defendant is enjoined by this court.

26. Defendants' actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

27. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendants, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 8,437,797 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

  (c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

  (d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

  (e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: April 13, 2016	Respectfully submitted,

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**ANTHONY RICCIARDELLI**
State Bar No. 24070493
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451- 0164
Fax: (214) 451- 0165
jay@kpllc.com
bkizzia@kpllc.com
anthony@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A